**Kathleen A. McCallister**
**Chapter 13 Trustee**
**P.O. Box 1150**
**Meridian, ID 83680**
**(208) 922-5100 - Telephone**
**(208) 922-5599  - Facsimile**
**kam@kam13trustee.com**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF IDAHO**

| | |
|---|---|
| IN RE: | |
| **GREG RICHARD FERRIS** | **CHAPTER 13** |
| **LEE ANN GODDARD FERRIS** | **CASE NO.  16-40054-JDP** |

**TRUSTEE'S FINDINGS AND RECOMMENDATIONS**

NOW COMES Kathleen A. McCallister, the standing Chapter 13 Trustee for the United States Bankruptcy Court for the District of Idaho and as for her Recommendation for Confirmation states that she has reviewed the Debtor(s) plan, petition, and any amendments and does not believe that the Plan complies with the provisions of 11 USC Section 1325 (a) and (b) including best effort, best interest and good faith and/or with Section 1326.

**MATTERS AT ISSUE:**

1. Debtors need to resolve the objection of Bank of America. The mortgage default is $110,326 and not $90,000. Debtors' plan is underfunded approximately $20,000.
2. Debtors plan fails to provide for a discharge. In the event that the Debtors are seeking a discharge of their debts the plan will need to be amended with notice served on all creditors.
3. Debtors plan proposes to strip the second mortgage lien of State Farm Bank based on the Debtors' contention that their house is worth $404,000 and that the amount of the first mortgage is $471,000. Trustee will need documentation of the value of the Debtors' real estate as well as documentation of the balance owed on the Debtors' first mortgage.
4. Notice is insufficient on the lien strip and does not comply with bankruptcy rule 7004.
5. Debtors plan fails to provide for the small secured claim of Les Schwab in the amount of $487.
6. The priority debts of the ISTC and the IRS are approximately $22,000. Debtors' plan only provides for $12,000 in priority debt. Confirmation should be denied and the plan amended. The plan is further underfunded by these priority claims.

7. Debtors have provided bank statements for four separate bank accounts. However, the Debtors show transfers to an account ending in 5210 from two of their accounts within six months of filing. The Trustee will need copies of bank statements for the account ending in 5210 to verify where these funds were deposited and who owns this account. In the event this account belongs to the Debtors schedule B will need to be amended. If it does not Debtors will need to explain the transfers.
8. Debtors have provided a profit and loss statement for 2015 which shows gross income of $130,638 and a net income of $104,150. This averages to $8,679 per month. In the six calendar months prior to filing the Debtors' average income was $13,163 per month. The Debtors' Schedule I lists income of only $5,118 per month from their business. It appears that income is understated somewhere between $3,561 and $8,045 per month. The Debtors are not using all of their disposable income to fund this plan. Both Form 22C and Schedules I and J will need to be amended. Trustee will need additional documentation of the Debtors current income.
9. In January 2016, the Debtors reported net income of $10,434. Payments will need to increase by approximately $5,000 per month.
10. Debtors' Schedule J includes an expense of $150 per month for an IRS installment agreement. Now that the Debtors are in this Chapter 13 plan they will no longer be paying the installment payments to the IRS. The Debtors will need to amend Schedule J to remove this expense.
11. Trustee will need copies of the Debtors' 2015 state and federal tax returns before the case can be confirmed.
12. Debtors plan fails to meet the disposable income requirement of a correct Form 22C and their own Form 22C.
13. Paragraph 7.2 of the Debtors' plan proposes that unsecured Debt incurred after the Debtors filed their 2011 Chapter 7 proceeding would be paid 100% of their allowed claims. The Debtors plan is underfunded to be able to pay the unsecured creditors. Additionally, the second mortgage creditor, State Farm Bank, has an in rem claim against the Debtors which must be paid pro-rata with the other creditors in the bankruptcy proceeding. Confirmation must be denied and the plan amended to remove this provision.
14. Schedule B will need to be amended to list the Debtors' bank account ending in 2247 with a balance of $3,362 on the date of filing. This was the Debtor-in-possession account for the Debtors' prior bankruptcy proceeding.
15. Debtors received life insurance proceeds of $72,000 in 2014. Trustee will need documentation of where the funds were deposited and where the funds were expended.

DATED: March 18, 2016

/s/  Kathleen McCallister
**Kathleen McCallister, Trustee**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 18, 2016, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Office of the U.S. Trustee
ustp.region18.bs.ecf@usdoj.gov

MARTELLE LAW OFFICES
Attorney at Law
sarah@martellelaw.com

**AND I FURTHER CERTIFY** that on such date I served the foregoing on the following non CM/ECF Registered Participants in the manner indicated:

Via first class mail, postage prepaid addressed as follows:

GREG RICHARD FERRIS
LEE ANN GODDARD FERRIS
PO BOX 3470
HAILEY, ID 83333

    **/s/**  Matthew Mallard
**Matthew Mallard, Case Administrator**